**SUN HAI JIANG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General & Immigration & Naturalization Service, Respondents.**

No. 05–1688–ag.

United States Court of Appeals, Second Circuit.

Nov. 15, 2006.

Sun Hai Jiang, Pro Se, Brooklyn, NY, for Petitioner.

Rodger A. Heaton, United States Attorney for the Central District of Illinois, Springfield, IL, Matthew J. Cannon, Assistant United States Attorney, Rock Island, IL, for Respondents.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. CHESTER J. STRAUB and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Sun Hai Jiang, a native and citizen of China, seeks review of a March 8, 2005 order of the BIA affirming the November 25, 2003 decision of Immigration Judge ("IJ") Sandy Hom, denying the petitioner's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Sun Hai Jiang*, No. A 73 322 354 (B.I.A. Mar. 8, 2005), *aff'g* No. A 73 322 354 (Immig. Ct. N.Y. City Nov. 25, 2003).

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). We afford "particular deference" to an IJ's credibility determination, *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003), and will generally uphold such a determination where it is "based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters," *Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 74 (2d Cir.2004) (internal quotation marks omitted).

The IJ determined that Jiang's claim of being pursued by the authorities for his practice of Falun Gong was not credible because, among other things, he was able to leave China using his real passport, and although Jiang later asserted that the travel facilitator had bribed the Customs officials, he did not know the amount of the bribe. The IJ found that Jiang's credibility was further undermined by his failure to provide any evidence, such as affidavits or witness testimony, of his continuing practice of Falun Gong in the United States. The IJ also found damaging to Jiang's credibility his inability or unwillingness to challenge the IJ's earlier determination that two of the submitted documents were fabrications.

■ In his appeal to this Court, Jiang asserts generally that he testified in an "honest, tru[th]—telling manner" and that he practices Falun Gong in the United States now. The IJ did not err in basing his adverse credibility determination, in part, on Jiang's failure to provide corroborative evidence of his practice of Falun Gong in the United States. *See Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000) (stating that while "it is inappropriate to base a credibility determination *solely* on the failure to produce corroborative evidence[,][t]he presence or absence of corroboration may properly be considered in determining credibility" (emphasis added)); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 164 (2d Cir.2006) (explaining that the identification and availability requirements articulated in *Diallo* only pertain "when the IJ or BIA cites inadequate corroboration as a basis for denying [relief] to an applicant who is *otherwise credible*" (alterations in original)). Since Jiang fails to challenge any of the IJ's other findings, those findings stand. Upon review of the record, we conclude that the IJ's adverse credibility determination is supported by "specific, cogent" reasons that bear "a legitimate nexus to the finding," and is therefore

entitled to deference. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (internal quotation marks omitted).

■ In the proceedings below, Jiang cited background materials to show that the Chinese government has undertaken a massive propaganda campaign against Falun Gong, and that many of those who are associated with that group are arrested. Jiang failed to show, however, why he, in particular, would fear harm from the Chinese government. A petitioner must present credible testimony that he subjectively fears persecution and establish that his fear is objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). Jiang was unable to establish, through credible testimony or documentary evidence, that his fear is objectively reasonable. The IJ and BIA were correct in their determinations that Jiang was unable to prove that there is a reasonable possibility that he will be persecuted if he returns to China, and their decisions are supported by substantial evidence in the record.

■ In his brief to this Court, Jiang argues for the first time that the Chinese government is still stringently and coercively implementing the one-child policy. Jiang claims that he and his wife will be the targets of sterilization and that one of them will definitely be forcibly taken for a sterilization procedure if they are returned to China. Jiang also asserts in his brief that individuals who are repatriated back to China by a foreign country are severely tortured by detention officers. As the government correctly notes in its brief, Jiang never raised his fear of forced sterilization or persecution for illegal departure before the IJ or the BIA. As a result, Jiang is precluded from bringing these issues for the first time before this Court. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir.2004); *cf. Lin Zhong v. U.S. Dep't of Justice*, 461 F.3d 101, 116 (2d Cir.2006) (holding that issue exhaustion is not jurisdictional, and thus waived if not raised by the government).

Jiang has not meaningfully challenged the IJ's denial of his withholding of removal claim in his brief to this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

■ Because the only evidence that Jiang was likely to be tortured depended upon Jiang's credibility, the adverse credibility determination in this case necessarily precludes success on the claim for CAT relief. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005); *cf. Ramsameachire*, 357 F.3d at 184–85 (holding that the agency may not deny a CAT claim solely on the basis of an adverse credibility finding made in the asylum context, where the CAT claim did not turn upon credibility).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, Jiang's pending motion for a stay of removal in this petition is DENIED as moot.